IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 1, 2002 Session

## LARRY  KERR, vs.  ANDERSON COUNTY, TENNESSEE

**Direct Appeal from the Circuit Court for Anderson County**
**No. 99LA0258     Hon. James B. Scott, Circuit Judge**

**FILED JANUARY 21, 2003**

**No. E2002-00020-COA-R3-CV**

The Trial Judge held plaintiff's employment Contract was valid and enforceable.  On appeal, we reverse on the grounds the provisions in the Contract are against public policy.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed, and the action dismissed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

David S. Clark, Oak Ridge, Tennessee, for Appellant.

Dail R. Cantrell, Clinton, Tennessee, for Appellee.

## OPINION

The determinative issue before the Court is the validity of an "employment contract" entered on the 9th day of April, 1993 between the plaintiff "employee" and the government of Anderson County, State of Tennessee, "employer".

Following an evidentiary hearing, the Trial Court found the contract was a valid and binding contract between the County and the plaintiff, and that it was intended that the plaintiff fulfill certain obligations under the contract which were set forth, and the Court found that the defendant had failed to prove the plaintiff had breached the contract by failing to perform.

Plaintiff's action alleged that in 1993 he was approached regarding a position at

Anderson County High School for a teacher and football coach. He turned down the offer because it paid $9,000.00 less than he would have made as a teacher/football coach in Knox County. He further averred that he was contacted by the Anderson County Executive, the Budget Director, and several County Commissioners, and was told about another part-time position that was available with the County which would not interfere with his employment as a teacher. Plaintiff accepted the position and the Contract was signed by him, the County Executive, the County Attorney and the Director of Schools.

The Contract states that the plaintiff was to "supervise and develop various educational programs to be implemented in the Anderson County School System, which will be mutually determined between the Employee and the County Executive." The Contract then states the plaintiff will be compensated $9,000.00 in twelve monthly installments for this work, and that the terms of the Contract "are to run concurrently with the Employment Contract entered into between the Employee and the Anderson County Board of Education, concerning his employment as a teacher in the Anderson County School System. Employee's contract with the Anderson County Board of Education is renewed annually. It is the intention of the Employer, Anderson County Government, that the two agreements run concurrently, for the duration of the Employee's employment with the Anderson County Board of Education." The Contract further states that there is "no need for an annual renewal with the Anderson County Government concerning this particular Employment Agreement, in that it is directly tied to the employment agreement previously entered into between the Employee and the Anderson County Board of Education."

Plaintiff averred that he was paid pursuant to this Contract from 1993 to 1998, but in 1998 there was a change of administration for Anderson County and plaintiff "was informed" that the County did not intend to honor the Contract[1] any longer, which caused this action to be brought.

A considerable amount of evidence at trial revolved around the plaintiff's duties under the Contract, and to what extent he performed any duties as required by the Contract. As to the conditions of plaintiff's obligations under the Contract, and his performance, the Trial Court aptly observed:

> . . . I think basically these other matters were not those matters that were a condition necessarily to the contract. They were just what you could call – based upon the proof and the inference I draw, they were token conditions that weren't really all that conditional to be met.

The parties are apparently in agreement that this Contract was for a one-year term, but defendant argues that the Contract could thus be terminated by the County at the end of a one-year term for discontinuation of funding or whatever reason it chose. The Contract expressly states, however, that the Contract will run "for the duration of the employee's employment with Anderson County Board of Education." Thus, pursuant to its plain and unambiguous terms, the Contract could

[1]The County Executive testified the position was terminated due to a cut in funding.

-2-

only be terminated by the County if plaintiff's employment with the Board of Education was terminated.

We hold that the provision in the Contract requiring the County to fund it so long as plaintiff is employed in the public school system of the County, is in contravention of the Public Policy of this State, as its terms require the County to continue to fund the Contract for an indefinite period of time. The oft-quoted controlling principle, is set forth in the case of *City of Knoxville v. Ambrister*, 196 Tenn. (1953), p.7, quoting *Whitley v. White,* 176 Tenn. 206, 140 S.W.2d 157, 159:

> Contracts made for the purpose of unduly controlling or affecting official conduct of the exercise of legislative, administrative and judicial functions, are plainly opposed to public policy. They strike at the very foundations of government and intend to destroy that confidence in the integrity and discretion of public action which is essential to the preservation of civilized society. The principle is universal and is applied without any reference to the mere outward form and purpose of the alleged transaction.

The Contract unduly controls and affects the official conduct of the County legislative body and the administrative Executive, as it contractually binds them to fund and administer the contract for an indefinite period of time,[2] without regard to the financial condition of the County or the need to continue the services called for in the Contract. *Also see, Haymon v. City of Chattanooga*, 513 S.W.2d 185 (Tenn. Ct. App. 1974); and *Benton v. City of Chattanooga, et al.,* 1998 Tenn. App. Lexis 454 (filed July 20, 1998).

Defendant argues that it was error for the Court to recuse the County Attorney post-trial. Defendant concedes that the County Attorney appeared as a substitute counsel following the trial, and that the Attorney testified at trial. Plaintiff moved to recuse the County Attorney from representing the County, based on DR5-102, and the Trial Court granting the Motion, stating the County Attorney could only continue representing the County long enough to file a Notice of Appeal.

DR5-102 states that a lawyer "shall" withdraw from representation if it becomes apparent that the lawyer will be called as a witness on behalf of the client, unless the testimony relates solely to an uncontested matter, the testimony relates solely to a matter of formality, or the testimony relates solely to the nature and value of legal services rendered in the case by the lawyer. In this case, the Attorney testified that he had reviewed the minutes of the County Commission meetings during the relevant time period, and found no entries showing that the Contract in question had been approved. The County Clerk for Anderson County testified he was a custodian of the records for the County Commission's minutes, and the parties then stipulated that there was no entry in the minutes showing that the Commission had approved this Contract.

---

[2]The duration of the Contract is determined by a third party.

The Trial Court found the County Attorney's testimony was basically cumulative, given the testimony of the Clerk, but that sufficient grounds still existed to warrant his recusal. The Trial Court's action disqualifying an attorney is scrutinized for an abuse of discretion, under the abuse of discretion standard. *See Clinard v. Blackwood*, 46 S.W.3d 177-182 (Tenn. 2001); *State v. Rubio*, 746 S.W.2d 732 (Tenn. Crim. App. 1987).

In this case, the County Attorney's testimony was cumulative at best, as the Trial Court found. The Attorney was not a party defendant at that time, and his testimony did not ultimately relate to a contested issue, as the parties stipulated, there were no county commission minutes reflecting the Contract at issue had been considered and voted upon by the Commission. We conclude there was no valid reason to remove the County Attorney from representing the County on appeal in this action.

We pretermit all other issues raised on appeal and reverse the Trial Court's enforcing the Contract for the reasons heretofore stated.

The cause is remanded to be dismissed, with the cost of the appeal assessed to Larry Kerr.

_____
HERSCHEL PICKENS FRANKS, J.

-4-